UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUDREY ALFONSO BAILEY STEPHENSON, ET AL | CIVIL ACTION |
| VERSUS | NO. 12-1998 |
| DREDGE OPERATORS, INC. | SECTION "C"(2) |

ORDER AND REASONS

This matter comes before the Court on motion to dismiss pursuant to the doctrine of *forum non conveniens* filed by the defendant, Dredge Operators, Inc. ("DOI"). Rec. Doc. 8. Having considered the record, the memoranda of counsel and the law, the Court rules in favor of dismissal for the following reasons.

According to the complaint, the plaintiffs sue DOI under the Jones Act and general maritime law for damages resulting from personal injuries allegedly sustained on August 31, 2009, through September 9, 2009, while they were working in Panamanian waters as seamen for DOI aboard the STUYVESANT, a vessel owned, operated and controlled by DOI. Rec. Doc. 1. In this motion, DOI seeks dismissal based on the doctrine of *forum non conveniens*, arguing that Panamanian law applies to the claims brought by the Panamanian plaintiffs claiming injuries on Panamanian waters. The plaintiffs oppose.

The defendant establishes the following facts without contradiction by the plaintiffs. Rec. Doc. 8. At the relevant times, the STUYVESANT was a United States flagged vessel owned by GE Capital Corporation, a Delaware corporation. The vessel was demise chartered to Carlisle Dredging, Inc. ("Carlisle"), a Connecticut corporation.[1] Carlisle time chartered the vessel to Stuyvesant Dredging Company ("Stuyvesant Dredging"), a Delaware partnership, who in turn had chartered the vessel to Coastal and Inland Marine Services, Inc. ("Coastal"), a Panamanian corporation, at the time of the alleged injuries.[2] In addition, Carlisle contracted with the defendant DOI, a Louisiana corporation, to act as managing agent and operator of the vessel. DOI employed the vessel's officers and crew, but the plaintiffs were directly employed by Coastal. A navigational permit from Panamanian authorities was obtained for the vessel in conjunction with the work being performed there. Rec. Doc. 8-2. At the time of the alleged injuries, all of the plaintiffs were Panamanian nationals and each had a written employment with Coastal designating the application of Panamanian law. The plaintiffs have no personal or medical contacts with the United States.

---

[1]The plaintiffs argue that Carlisle is a Louisiana corporation based on the deposition testimony from another lawsuit. Rec. Doc. 15 at 3. The Court will assume that Carlisle is a Louisiana corporation for purposes of the issues presented in this motion.

[2]The citizenship of the partnership for diversity purposes is not disclosed. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

The plaintiffs in opposition argue that the officers of the vessel were United States domiciliaries, and that Coastal is a subsidiary of Royal Boskalis, "the same Dutch Parent company that owns DOI." Rec.Doc. 15 at 3. They also argue that Carlisle may be a Louisiana corporation, based on the deposition testimony of DOI's office manager and secretary/treasurer in a separate lawsuit. Rec. Doc. 15 at 3. They argue in sur-reply for the first time that the plaintiffs were borrowed servants of DOI, based in large part upon the apparent misunderstanding that Royal Boskalis is the Dutch parent of DOI "(through several layers of charters and agency agreements.)" Rec. Doc. 27 at 3.

The only factual issue that needs to be addressed in this motion is whether the plaintiffs provide any proof that DOI is a subsidiary of Royal Boskalis, a Dutch company that is the parent of Coastal and Stuyvesant Dredging. The Court's reading of the deposition excerpts offered in support of this statement is at odds with the plaintiffs' statement that "the Panamanian labor service that loaned the STUYVESANT the three plaintiffs is, or was at the time, a subsidiary of the same Dutch parent company that owns DOI." Rec. Doc. 15 at 3; Rec. Doc. 27 at 3. Rather, the deposition testimony indicates to the Court that Royal Boskalis owned both Coastal and Stuyvesant Dredging, not DOI. Rec. Doc. 15-4 at 8–9. As a result, the record is devoid of any evidence to support the plaintiffs' statements that DOI is a subsidiary of this Dutch parent, or that

the plaintiffs were borrowed servants of DOI.[3]

***Forum Non Conveniens***

Under the doctrine of *forum non conveniens,* a district court can decline jurisdiction and dismiss a case "on the ground that a court abroad is more appropriate and convenient forum for adjudicating the controversy." *Sinochem International Co., Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 425 (2007). The determination rests on the assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996). The defendant bears a "heavy burden" to overturn the plaintiff's choice of forum except when that choice is not the plaintiff's home forum. In that circumstance, however, the presumption in favor of the foreign plaintiff's choice of forum "deserves less deference" because the assumption that the chosen forum is appropriate is "less reasonable." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-56 (1981). Subject matter jurisdiction and personal jurisdiction need not be established in order for the district court to determine whether dismissal under the doctrine of *forum non conveniens* is appropriate. *Sinochem*, 549 U.S. at 425.

The *forum non conveniens* analysis begins with the determination whether an

---

[3]The Court does not, however, make a determination whether or not the plaintiffs' were borrowed servants, or the equivalent thereof, in this motion, for purposes of any lawsuit filed in Panama.

alternative forum exists that is both available and adequate. *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). An available foreign forum is one in which the entire case and all parties can appear. *Id.; In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987)(en banc), *vacated on other grounds sub nom. Pan American World Airways, Inc. v. Lopez, 490 U.S. 1032 (1989), reinstated and vacated as to damages only,* 883 F.3d 17 (5th Cir. 1989)(en banc); *Camejo v. Ocean Drilling & Exploration,* 838 F.2d 1374 (5th Cir. 1988). An adequate one provides that the parties will not be deprived of all remedies or treated unfairly, even if the same benefits available in an American court are not available in the foreign forum. *Id.* If the defendant shows an available and adequate foreign forum, the district court next considers whether certain private and public interest factors weigh in favor of dismissal. *McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir. 2001).

Here, the defendant argues that other courts have recognized the adequacy of Panama as a forum in maritime tort and contract cases, and presents evidence that Panama has its own laws pertaining to seamen's actions and that those laws are enforceable in Panamanian courts. Rec. Doc. 8-1 at 7l; Rec. Doc. 19-2 at 6. In addition, the defendant has agreed to waive service of process from a Panamanian court and will submit to its jurisdiction; it also agrees to waive any defense based on statute of limitations and/or prescription. Rec. Doc. 8-1 at 7–8; Rec. Doc. 19-2 at 9–10.

The plaintiffs make more general arguments about availability and adequacy, including the argument that an American employed by DOI on the same vessel filed a separate lawsuit in this district for similar injuries without facing this challenge.[4] They also argue that Panamanian maritime law provides "no meaningful remedy" because their claims are barred by prescription in Panama. Rec. Doc. 15 at 4. They argue in sur-reply that the plaintiffs are borrowed employees of DOI.[5]

The complaint filed in this matter presents claims against DOI as an employer of the plaintiffs. The expert legal testimony presented by both sides indicates that Panama does provide for legal remedies against an employer. To the extent that the plaintiffs may have claims against DOI in a non-employer capacity, the defendant has presented expert testimony that Panama law does provide a remedy for damages occasioned by the fault or negligence of another. Rec. Doc. 17-3 at 1-4. The Court finds that the defendants have sufficiently shown that Panama is an available and adequate alternate

[4]The plaintiffs' primary argument appears to be that because the Jones Act applies, this Court has no discretion to dismiss their claims in favor of a foreign forum. Rec. Doc. 15 at 4. In reply brief, they do not address the defense contention that this proposition is no longer correct as a matter of law. "We, therefore, expressly disapprove of and overrule our Jones Act and general maritime caselaw that utilizes a modified forum non conveniens analysis. Henceforth, all cases, including Jones Act and maritime actions, are governed by the dictates of *Reyno* and this opinion." *Camejo*, 838 F.3d at 1378. Therefore, this argument is disregarded by the Court.

[5]Again, the proof upon which the plaintiffs rely for the borrowed servant argument appears to be a misreading of deposition testimony that Coastal and DOI are both subsidiaries of Royal Boskalis. Rec. Doc. 27 at 2–3.

forum for all of the plaintiffs based on the evidence provided, along with the defendant's agreement to submit to the jurisdiction of the court in Panama waive any defense based on a statute of limitations. As a result, the private and public interest factors are next considered in conjunction with the determination of dismissal under *forum non conveniens,* while the Court "weigh[s] in the balance the relevant deference given the plaintiffs' initial choice of forum." *In re Air Crash*, 821 F.2d at 1165. Here, the foreign plaintiffs' initial choice of forum is afforded less deference. *Piper*, 454 U.S. 255-56.

The private interest factors largely pertain to convenience of the litigants: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) possibility of view of premises, if appropriate to the action; and 5) all other practical problems that make trial easy expeditious and inexpensive. *Piper Aircraft*, 454 F.3d at 241 n. 6; *Innovation First International, Inc. v. Zuru, Inc.*, 2013 WL 616964 (5th Cir.). The defendant argues that almost all of the material witnesses are located in Panama, including the plaintiffs themselves, their medical providers, employers, and any witnesses. Rec. Doc. 8-1 at 10. In addition, DOI agrees to make any of its employees available. *Id.* Although the plaintiffs state in opposition that, in a separate lawsuit involving an American DOI employee on the same vessel, the defendant's corporate employees of DOI were deposed in this district, they also acknowledge that the

defendant did "conveniently" depose at these plaintiffs with regard to that separate suit. Rec. Doc. 15 at 3. Here, the private interest factors are driven by the facts that the alleged injuries occurred to Panamanian plaintiffs on Panamanian waters, relevant to the first, second, third and fifth factor, while the fourth factor does not weigh in favor of either side. On balance, the Court finds that the private interest factors in this case weigh strongly in favor of dismissal.

The public interest factors focus on whether the chosen forum would be unnecessarily burdensome to the court or community and include: (1) the administrative difficulties for the court flowing from docket congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having a diversity case decided in the forum that is home to the governing law; (4) the avoidance of unnecessary problems in conflict of laws or application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* The defendant argues that because this case has no factual connection with this district and that Panama does have a local interest in the claims, the first, second and last factors weigh in favor of dismissal. The plaintiffs do not address those factors in opposition, and the Court finds that they weigh in favor of dismissal for purposes of this motion.

The choice of law issue relevant to the third and fourth public interest factors is governed by the factors set forth in *Lauritzen v. Larson*, 345 U.S. 571 (1953) and *Hellenic*

*Lines Ltd. v. Rhoditis*, 396 U.S. 1000 (1970): (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured; (4) the allegiance of the defendant shipowner; (5) the place of the contract; (6) the inaccessibility of the foreign forum; (7) the law of the forum; and (8) the shipowner's base of operations. This is not a mechanical test, and the significance of each factor varies according to the context within which the issue is raised. *Fogelman v. ARAMCO (Arabian American Oil Co.)*, 920 F.2d 278, 281 (5th Cir. 1991).

The defendant argues that all of the applicable public factors favor dismissal. Rec. Doc. 8-1 at 15–20. It argues that the first, third, fifth and sixth factors support a finding that Panamanian law applies to the plaintiffs' claims. DOI argues that the second and fourth factors do not apply because the plaintiffs were not engaged in "traditional, blue-water maritime activities crossing through the waters of competing nations." *Solano v. Gulf King 55, Inc.*, 212 F.3d 902, 904, 907 (5th Cir. 2000). DOI argues that the second, fourth and eighth factors have "no specific application to it." because it is not the vessel owner. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 887 (5th Cir. 1993). The plaintiffs do not directly address each of the relevant factors, but more generally argue the importance of the United States flag on the vessel, the fact that the defendant had employees on the vessel who were United States residents and that the defendant has Louisiana connections. Rec. Doc. 15.

Again, the plaintiffs have not presented any proof that the vessel was owned by the defendant or that the plaintiffs were employed by the defendant.[6] Instead, based on the relevant factors, the Court finds that Panamanian law applies to the plaintiffs' claims against DOI. Further, the Court finds that consideration of all of the public interest factors heavily weighs in favor of dismissal. Even if counsel for the plaintiffs met these clients while representing an American employed by DOI working on the same vessel when it was located in Panamanian waters, that relationship alone is insufficient to support retention of this case in this forum.

Accordingly,

IT IS ORDERED that motion to dismiss pursuant to the doctrine of *forum non conveniens* filed by the defendant, Dredge Operators, Inc. is GRANTED. Rec. Doc. 8.

IT IS FURTHER ORDERED that a proposed order of dismissal, approved as to form by all parties, shall be submitted by April 26, 2013.

New Orleans, Louisiana, this 10th day of April, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

[6]Again, the Court's reading of the cited deposition testimony does not support a finding that the defendant was a co-subsidiary of Coastal, with whom the plaintiffs had a written contract of employment.